UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Peter L. Thomas, #595325 ) <br> *aka Peter Lloyd Thomas, Patrick R. Harrison* ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Richland County Clerk of Court's Office; Jeanette W. ) <br> McBride, Clerk of Court; Anne G. Kelly, Chief Deputy ) <br> Clerk of Court; Richland County Judicial Center, ) <br> ) <br> Defendants. ) <br> _____ ) | C/A No. 4:11-367-JFA-TER <br><br><br><br> REPORT AND <br> RECOMMENDATION |

The plaintiff, Peter L. Thomas, also known as Patrick R. Harrison ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Alvin S. Glenn Detention Center ("ASGDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names governmental entities and/or employees as Defendants.[2] Plaintiff claims the Defendants have denied his right to self-representation in his pending state criminal case, and have "effectively denied access to the Courts." ECF No. 1 at 4. Plaintiff seeks monetary damages, as well as injunctive relief, including "an immediate dismissal of the State's case against him."[3] The complaint should be dismissed for failure to state a claim upon which relief may be granted, and for seeking monetary relief from Defendants who are immune from such relief.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

[3] Plaintiff cannot obtain release from custody in a civil rights action under 42 U.S.C. § 1983. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

**INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."[4] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), by holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 5 (1980) (*per curiam)*. A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. at 9 (1980); *Cruz v. Beto*,

---

[4] Screening pursuant to § 1915A is subject to the same standard.

405 U.S. 319 (1972). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## DISCUSSION

The complaint alleges Defendants denied Plaintiff's "Constitutional right to self-representation," and "refused access to a court determination or hearing" on several motions Plaintiff submitted in his state criminal case. ECF No. 1 at 4-5. Plaintiff seeks monetary and injunctive relief, including "an independent monitoring and revamping of the policy which lead to such infraction" as the "misuse of authority and acts committed in violation of his Constitutional rights." *Id*. at 7.

**Person Under Color of State Law**

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S.

266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Defendant Richland County Judicial Center is a building or facility, not a "person" subject to liability under § 1983. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, this Defendant is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D.Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Defendant Richland County Judicial Center should be dismissed as a Defendant in this case.

**Immunity**

Immunity presents a threshold question which should be resolved before discovery is even allowed. *See Siegert v. Gilley*, 500 U.S. 226 (1991); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). The Defendants, Richland County Clerk of Court's Office, Clerk of Court and a Deputy Clerk of Court, are all immune from suit for monetary damages in this § 1983 action.

The Clerk of Court for Richland County, Defendant McBride, is protected from suit in her official capacity by the Eleventh Amendment. Clerks of Court are elected by voters of a county. *See*

S.C. Const. art. V, § 24.  As an elected state official, Defendant McBride is immune from suit under the Eleventh Amendment, which "divests this court of jurisdiction to entertain a suit brought against the State of South Carolina, its integral parts, or a state official acting in his or her official capacity." *Muqit v. Kitchens*, 2009 WL 87429, C/A No. 2:08-3959-CMC-RSC (D.S.C. Jan. 13, 2009); *see also Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002)(Eleventh Amendment immunity); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000)(same).  Therefore, to the extent Plaintiff is suing Defendant McBride in an official capacity, this Defendant is immune from suit under the Eleventh Amendment.

Defendants McBride (Clerk of Court), Kelly (Chief Deputy Clerk of Court) and the Richland County Clerk of Court's Office are protected from suit by the doctrine of quasi-judicial immunity. Judicial immunity extends to judicial officers for judicial acts taken within the court's subject matter jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978).  Absolute quasi-judicial immunity extends to non-judicial officers "performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir.1994); *Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir.1980); *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir.1994).  This immunity extends to subordinate officials for "functions that are more administrative in character [that] have been undertaken pursuant to the [judge's] explicit direction." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir.1992).  The basis for affording non-judicial officials absolute immunity is to prevent them from becoming a "lightning rod for harassing litigation aimed at judicial orders" which would inevitably result in tension between the courts and those officials duty-bound to enforce the courts' orders and assist in the courts' business.  *Valdez v. City and County of Denver*, 878 F.2d 1285, 1289 (10th Cir.1989)

(internal quotes omitted). Absolute immunity, therefore, extends to protect, among others, clerks of court, law enforcement officers, and others who enforce court orders. *See*, *e.g.*, *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir.1988) (clerk of court absolutely immune for issuing erroneous warrant pursuant to court's order).

Plaintiff's claims arise out of the judicial act of appointing counsel for Plaintiff in his state criminal case. Plaintiff states he expressed his desire to represent himself "at a Bond Hearing, held at ASGDC, before a sitting judge, in a process deemed 'screening for a public defender.'" ECF No. 1 at 3. Thus, the appointment of counsel was ordered by the "sitting judge," and Plaintiff was notified of the attorney with the Richland County Public Defender's Office that was appointed. The right to assistance of counsel in a criminal case is guaranteed in the Sixth Amendment. *Gideon v. Wainwright*, 372 U.S. 335 (1963). Along with the right to counsel comes the implied right to self-representation after "knowingly and intelligently" waiving the right to counsel. *Faretta v. California*, 422 U.S. 806, 819-21, 835 (1975) (citing *Johnson v. Zerbst*, 304 U.S. 458, 464-650 (1938). These rights were recognized by the Supreme Court of South Carolina in *State v. Stuckey*, 508 S.E.2d 564 (S.C. 1998), where the Court also clarified that a criminal defendant does not have the right to both counsel and self-representation at the same time, or "hybrid" representation. Thus, the Court instructed that "[s]ince there is no right to hybrid representation, substantive documents filed *pro se* by a person represented by counsel are not accepted unless submitted by counsel."[5] *State v. Stuckey*, 508 S.E.2d at 564. The Defendants are subject to this ruling of the Supreme Court of South Carolina, as well as the order of the "sitting judge" in Plaintiff's criminal case. Clearly,

---

[5] The Supreme Court of South Carolina also states that "[n]othing in this order shall be construed to limit any party's right to file a *pro se* motion seeking to relieve his counsel...." *State v. Stuckey*, 508 S.E.2d at 565. The complaint does not indicate that Plaintiff has filed such a motion.

the Defendants' actions were based on compliance with the directions in these judicial orders. Accordingly, Defendants McBride (Clerk of Court), Kelly (Chief Deputy Clerk of Court) and the Richland County Clerk of Court's Office are entitled to absolute quasi-judicial immunity from the claims raised by Plaintiff and should be dismissed from this action.

**Abstention**

In addition to monetary damages, the complaint seeks injunctive relief. A federal court, however, should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996); citing *Younger v. Harris*, 401 U.S. 37 (1971)(abstention doctrine for pending state judicial proceedings). The complaint in this case does not present extraordinary circumstances that justify federal court intervention into Plaintiff's pending state criminal case through injunctive relief. "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Because Plaintiff's pending state criminal case implicates important state interests, and Plaintiff has the right to file a *pro se* motion seeking to relieve his appointed counsel, which provides him the opportunity to raise his federal claim concerning self-representation in the state proceedings, abstention is appropriate in this case. *See Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994)(three-prong test for abstention), citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Pursuant to 28 U.S.C. § 1915 (e), the complaint should be dismissed because it "fails to state a claim on which relief may be granted," and "seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii-iii).

## RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  **The plaintiff's attention is directed to the notice on the following page.**

                    s/Thomas E. Rogers, III
                    Thomas E. Rogers, III
                    United States Magistrate Judge

April 1, 2011
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).