IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Peter L. Thomas, ) | C/A No. 4:11-367-JFA-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Richland County Clerk of Court's Office; ) | |
| Jeanette W. McBride, Clerk of Court; Anne G. ) | |
| Kelly, Chief Deputy Clerk of Court; and ) | |
| Richland County Judicial Center, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

The *pro se* plaintiff, Peter L. Thomas, brings this action pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights with regard to his right to self-representation in his pending state criminal case, and allegations of denial of access to the courts. He seeks monetary and injunctive relief.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he suggests that this court should dismiss the complaint for failure to state a claim upon which relief may be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

The plaintiff was advised of his right to submit objections to the Report and Recommendation which was filed on April 1, 2011. Plaintiff filed timely objections to the Report which this court will review de novo.

The Magistrate Judge suggests that defendants McBride, Kelly, and the Richland County Clerk of Court's office are protected from suit by the doctrine of quasi-judicial immunity. Defendant McBride, as the Clerk of Court, is also immune from suit by virtue of the Eleventh Amendment to the United States Constitution. Finally, defendant Richland County Judicial Center is a building or facility, not a "person" subject to liability under § 1983. The Magistrate Judge properly opines that the plaintiff has failed to state a claim against these defendants and thus, dismissal of the complaint is warranted.

Moreover, the Magistrate Judge notes that with regard to the plaintiff's request for injunctive relief, this court should not equitably interfere with state criminal proceedings. As extraordinary circumstances are lacking, this court cannot justify its intervention into the State of South Carolina's administration of justice in the plaintiff's criminal matters.

Plaintiff's complaint centers around the reappointment, allegedly after a mass reassignment, of his public defender, without plaintiff's consent and despite the plaintiff's request to represent himself in his ongoing state criminal proceedings.

In his objections to the Report, the plaintiff repeats the allegations raised in his complaint and contends that the State of South Carolina has conspired with a federal agency, Immigration Customs Enforcement (ICE), in his unlawful arrest, detention, and prosecution. The court has reviewed plaintiff's objections and finds them to be without merit.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

April 29, 2011　　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　　United States District Judge

3